# BINGHAM

David J. Butler
Direct Phone: 202.373.6723
Direct Fax: 202.373.6418
david.butler@bingham.com

October 14, 2009

Hon. Joanna Seybert
United States District Judge
United States District Court
100 Federal Plaza
Central Islip, NY 11722

Re: *Incantalupo v. Lawrence Union Free School District, et al.*
No. 09-cv-3342 (JS)(ETB)

Dear Judge Seybert:

    Earlier this afternoon, instead of properly filing a motion, Mr. Rick Ostrove, the plaintiffs' attorney who has filed a notice of appearance in this case, filed a letter on their behalf, claiming not to be their attorney in this case yet asking the Court for an indefinite stay of its consideration of the defendants' motion for attorney's fees. Putting aside the procedural irregularity and representational double-speak, I write in response to explain why the defendants oppose the plaintiffs' request.

    Before the plaintiffs filed their notice of appeal, this Court granted them (and their former counsel) an additional 60 days to respond to the defendants' motion for fees. The defendants did not object. In asking for a second, indefinite extension pending resolution of their appeal, the plaintiffs do not even attempt to show why their first extension of time has proved inadequate.

    The only reason the plaintiffs give for granting their present request is vague and unsupported. They contend that, in resolving their appeal, the Court of Appeals' decision "may impact" the defendants' motion. If by that the plaintiffs mean to suggest that there is a chance the Court of Appeals will reverse this Court's judgment, that chance is not remotely likely. This Court's opinion dismissing plaintiffs' case repeatedly and emphatically rebuked them for having filed frivolous claims and papers. The plaintiffs' claims, in other words, not only lacked merit; they so completely and obviously lacked merit that no reasonable person would have filed them.

    The plaintiffs simply do not deserve more time to respond to this collateral dispute when the defendants had barely two weeks to respond to the underlying dispute. At the beginning of August, the plaintiffs invoked all of the Court's emergency powers and expedited procedures in aid of their claims. In the middle of the month, with no small expense and after the plaintiffs opposed a two-week extension, the defendants fully responded. By the end of the month, the entire controversy was resolved, and the defendants were vindicated. The briefing on the defendants' fees motion is already scheduled to take more than twice as long as the merits. Surely, that is enough time.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

T 202.373.6000
F 202.373.6001
bingham.com

A/73170838.1

**BINGHAM**

Hon. Joanna Seybert
October 14, 2009
Page 2

In fact, the defendants' fees request does not need much time to resolve. This Court's opinion on the merits of the plaintiffs' claims all but resolved the defendants' entitlement to fees, and it will not be difficult for the defendants to prove the amount of the expenses they incurred and that those expenses were reasonable. If the plaintiffs truly believe the Court of Appeals' decision will affect the defendants' fees motion, then they can file an appeal from this Court's ultimate resolution of the fees dispute and have it consolidated with their current appeal.

Prompt resolution of the defendants' motion is particularly important because the defendants are public entities and officials. The expenses they incurred defending against the plaintiffs' frivolous claims have been borne by the people of Lawrence. The plaintiffs ought to pay, and pay without delay, for the needless costs they have imposed on their neighbors.

Finally, the defendants note that their motion for fees against the plaintiffs' former attorney, Robert M. Agostisi, is based on his improper purpose for bringing the plaintiffs' lawsuit, which is evidenced by the frivolousness of the action and by the harassing allegations in the papers he filed. The issue relating to the harassing allegations is totally outside the scope of, and thus will not conceivably be affected by, the plaintiffs' appeal. Because the defendants' motion against Mr. Agostisi should proceed whether or not the plaintiffs pursue an appeal, the Court should resolve the defendants' related motion against the plaintiffs at the same time.

Respectfully submitted,

*/s/ David J. Butler*

David J. Butler

BY ECF:   Rick Ostrove, Esq., Robert M. Agostisi, Esq.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

T 202.373.6000
F 202.373.6001
bingham.com

A/73170838.1